**GRAND METROPOLITAN PLC and**
**Wendell Investments**
**Limited, Plaintiffs,**

v.

**The PILLSBURY COMPANY and Hugh Ennis, Superintendent, Arizona Department of Liquor Licenses and Control, Defendants.**

**No. CIV 88–1621 PHX–RGS.**

United States District Court,
D. Arizona.

Oct. 24, 1988.

§§ 4–261 through 268 (the "Act"), violates the commerce clause and the supremacy clause of the United States Constitution, and (2) issue preliminary and permanent injunctive relief against the enforcement of the Act. Defendant Hugh Ennis was dismissed from this action pursuant to a stipulation between him and Grand Metropolitan and notice of dismissal filed with this court. Defendant The Pillsbury Company ("Pillsbury") opposes Grand Metropolitan's action on grounds that the court is barred by the Anti–Injunction Act, 28 U.S.C. § 2283; the Act does not violate the commerce clause or supremacy clause of the Constitution; and finally, Grand Metropolitan has not met the criteria for granting a preliminary injunction. Pillsbury has also filed a Motion to Dismiss or, Alternatively, Abstain pursuant to the principles of abstention as set forth in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); the principles of abstention as set forth in *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); and finally, on the grounds that the action is not ripe and must be dismissed for want of a case or controversy.

Having considered the issues raised by the parties in their memoranda and oral argument, and having considered the pertinent legal authority, the court now renders its decision.

Phil MacDonnell, David White, Jennings, Strouss & Salmon, Phoenix, Ariz., for plaintiffs.

Joseph Mais, Brown & Bain, Phoenix, Ariz., for defendants.

## ORDER

STRAND, District Judge.

Plaintiffs Grand Metropolitan PLC and Wendell Investments Limited ("Grand Metropolitan") have filed a Complaint requesting that this court (1) declare that the Arizona Acquisition of Control Act, A.R.S.

## I. FACTUAL BACKGROUND

On October 4, 1988 Grand Metropolitan announced an offer to purchase all the outstanding shares of common stock of Pillsbury at a price of $60.00 net per share and associated rights. One of Pillsbury's subsidiaries is S & A Restaurant Corp. ("S & A"). S & A owns two restaurants in Arizona having liquor licenses.

On October 4, 1988, Pillsbury filed a state complaint seeking a declaration that Grand Metropolitan's tender offer violated the Act and enjoin the tender offer. On the same day, Grand Metropolitan filed a federal complaint and motion for a temporary and preliminary injunction to prevent the state court from enjoining the tender offer. This court granted the temporary

restraining order on October 6, 1988 enjoining the State of Arizona and Pillsbury from obtaining a state court order enjoining the tender offer.

## II. ANALYSIS

As principles of *Younger* abstention are dispositive of the matter, the court finds it unnecessary to determine Grand Metropolitan's Motion for Preliminary Injunction or Pillsbury's other arguments.

In *Younger*, the Supreme Court held that a federal court should not enjoin a pending criminal proceeding absent great and immediate irreparable injury. The Court held that the fact that a statute may appear to be unconstitutional on its face is not sufficient in and of itself to justify federal injunctive relief against its enforcement absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief. *Younger*, 401 U.S. at 54, 91 S.Ct. at 755. [T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state court is not to issue such injunctions." *Id.* at 45, 91 S.Ct. at 751.

While *Younger* involved criminal proceedings, the Court has since recognized that the concerns for comity and federalism underlying the *Younger* decision are equally applicable to civil proceedings involving important state interests. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed. 2d 376 (1977); *Fresh Int'l Corp. v. Agriculatural Labor Relations Bd.*, 805 F.2d 1353, 1356 (9th Cir.1986). Application of *Younger* abstention in favor of a state court proceeding is appropriate if:

(1) the state proceedings are ongoing;

(2) the proceedings implicate important state interest;

(3) the state proceedings provide an adequate opportunity to raise the federal questions.

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982); *Fresh Int'l Corp.*, 805 F.2d at 1357–58.

Abstention is required only when the state proceedings have been initiated "before any proceedings of substance on the merits have taken place in federal court." *Hicks v. Miranda*, 422 U.S. 332, 349, 95 S.Ct. 2281, 2292, 45 L.Ed.2d 223 (1975). In this action, Pillsbury's state court complaint was filed on the same day as Grand Metropolitan filed its federal complaint. Regardless of which complaint was filed first, no proceeding on the substance of merits took place prior to the initiation of the state complaint. Therefore, the first prong of *Younger* is satisfied.

*Younger* abstention is appropriate only where an important state interest would be affected by the federal action. *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 106 S.Ct. 2718, 2723, 91 L.Ed.2d 512 (1986). Under section 2 of the twenty-first amendment, the states enjoy broad powers to regulate the importation and use of alcoholic beverages within their borders. *Capital Cities Cable, Inc. v. Crisp*, 467 U.S. 691, 104 S.Ct. 2694, 81 L.Ed.2d 580 (1984). States have "virtually complete control over whether to permit importation or sale of liquor and how to structure the liquor distribution system." *California Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S. 97, 110, 100 S.Ct. 937, 945, 63 L.Ed.2d 233 (1980). Arizona has an important state interest in the control and transfer of liquor licenses. *See* A.R.S. 4–264.

Pillsbury contends that its state court action is designed to enforce and advance the important state interest in control and transfer of liquor licenses. Furthermore, that state interest is not diminished by the fact that the State of Arizona is not a party to the state action, as *Younger* may apply even where a state is not a party. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). The State of Arizona has an interest beyond being a fair adjudicator of a private dispute; specifically, to assure compliance with state regulatory statutes. *See id.* at —— n. 12, 107 S.Ct. at 1527 n. 12. The fact that Mr. Ennis has stipulated that no violation of Arizona law has occurred is not

dispositive of the issue in this litigation, as matters of statutory construction are appropriate for resolution by a court of competent jurisdiction. Given the vital state interest in the structure of its liquor distribution system, the abstention of the court furthers the interests of comity and federalism as defined in *Younger* and *Pennzoil.*

Grand Metropolitan urges this court to balance the state and federal interests involved. *Ichan v. Blunt,* 612 F.Supp 1400, 1412 (D.Mo.1985). Grand Metropolitan asserts that the federal interests "clearly outweigh" the state interests, which makes *Younger* abstention inappropriate. *Id.* The ninth circuit does not appear to have adopted this balancing approach. *See Fresh Int'l Corp.,* 805 F.2d at 1361; *Worldwide Church of God, Inc. v. California,* 623 F.2d 613, 616 (9th Cir.1980). A balancing of the interests encompasses a determination of the merits. This is the resolution *Younger* seeks to avoid. While the court should not balance the competing state and federal interests, *Younger* abstention is inappropriate where preemption is "readily apparent." *Fresh Int'l Corp.,* 805 F.2d at 1361.

Title 15 U.S.C. § 78bb(a) provides, in pertinent part, that:

> Nothing in this title shall affect the jurisdiction of the securities commission (or any agency or officer performing like functions) of any state over any security or any person insofar as it does not conflict with the provisions of this title or the rules and regulations thereunder.

On its face, the Arizona Act addresses the state's concerns over the qualifications of a prospective transferee of a state liquor license. It is not "readily apparent" that the approval of the acquisition of control of a state liquor license has any significant impact on the operation of the Williams Act, 15 U.S.C. § 78n(d) and (e), or that it impinges in any significant way on interstate commerce in violation of the Constitution.

The last prong requires that Grand Metropolitan be able to raise its federal claims in state court. The state court has not abstained from hearing the federal issues. *National City Lines, Inc. v. LLC Corp.,* 687 F.2d 1122, 1127 (8th Cir.1982). Grand Metropolitan concedes that it can litigate its federal claims in state court.

*Younger* clearly left open the possibility of federal injunctive relief against a state proceeding in certain exceptional circumstances where irreparable harm is both great and immediate; where state law is flagrantly and patently violative of express constitutional prohibitions; and where there is a showing of bad faith, harassment or other unusual circumstances, that would call for equitable relief. *Younger,* 401 U.S. at 53–54, 91 S.Ct. at 755. Grand Metropolitan asserts that dismissal under the *Younger* doctrine would cause irreparable harm through the delay and uncertainty it would face in state court. Grand Metropolitan relies on *Martin–Marietta Corp. v. Bendix Corp.,* 690 F.2d 558, 564 (6th Cir. 1962) for the proposition that if this court does not decide the federal issues, any delay may eliminate the possibility of Grand Metropolitan's ability to proceed according to the Williams Act. *Id.* at 564. In *Martin–Marietta Corp.,* a state court had previously upheld the provisions in question of the state anti-fraud act. *Id.* at 564. In this action, no state court has ruled on the Arizona Act with respect to the federal issues Grand Metropolitan presents. Furthermore, there is no state court order preventing Grand Metropolitan's tender offer from going forward. There does not appear to be any informational delay to the investors. There is no reason to believe that the state courts are not able to protect the federal rights Grand Metropolitan asserts.

Grand Metropolitan has not raised the other *Younger* exceptions, nor are they applicable. The statute at issue is not "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph...." *Younger,* 401 U.S. at 53–53, 91 S.Ct. at 755. There is no evidence of bad faith or other unusual circumstances.

Since this case is properly within the *Younger* category, the court has no discretion to grant injunctive relief. *Colorado River Water Conservation District v.*

*United States,* 424 U.S. 800, 816 n. 22, 96 S.Ct. 1236, 1246 n. 22, 47 L.Ed.2d 483 (1976). Furthermore, the court must dismiss the action. *See Juidice,* 430 U.S. at 337, 97 S.Ct. at 1218; *Fresh Int'l Corp.,* 805 F.2d at 1356.

Based on the foregoing,

IT IS ORDERED denying plaintiffs' Motion for a Preliminary Injunction.

FURTHER ORDERED vacating the Temporary Restraining Order.

FURTHER ORDERED granting defendant's Motion to Dismiss.